

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00297-CV

## IN THE INTEREST OF P.L.G. AND H.M.G., CHILDREN

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 10,713, Honorable Stuart Messer, Presiding

August 28, 2018

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

"David" appeals the trial court's order terminating his parental rights to his children, "Paul" and "Hailey."[1] Appointed counsel for David has filed an *Anders*[2] brief in support of a motion to withdraw. Finding no arguable grounds for appeal, we affirm the judgment of the trial court.

---

[1] To protect the children's privacy, we will refer to the appellant father as "David," the mother of the children as "Tricia," the children as "Paul" and "Hailey," and the intervenor as "Laura." *See* Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2017); Tex. R. App. P. 9.8(b). Tricia's parental rights were also terminated. Her appeal is pending in cause number 07-18-00206-CV.

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Background

In May of 2017, the Texas Department of Family and Protective Services filed its petition for protection, conservatorship, and termination of the parental rights of David and Tricia as to their children, nine-year-old Paul and eight-year-old Hailey. The children were removed after the Department received a report that David and Tricia were using methamphetamine and marijuana while caring for the children. David and Tricia submitted to a drug test requested by the Department and both tested positive for methamphetamine. There were also concerns about the stability of the home because neither David nor Tricia was employed and they were in the process of being evicted from their home. Both parents admitted that they were unable to provide for Paul and Hailey at the time of the removal.

The Department developed a service plan for David. According to the plan, David was required to: abstain from the use of illegal drugs; submit to random drug screens; complete a substance abuse assessment and follow recommendations; maintain safe, stable housing; maintain stable, verified employment; take parenting classes; complete a psychological evaluation; participate in Rational Behavior Training (RBT); attend individual and couple's counseling; pay child support; and attend visits with Paul and Hailey.

David completed a psychological evaluation, parenting classes, RBT, and a substance abuse assessment. The substance abuse assessment recommended that he attend outpatient drug treatment. David began an outpatient drug treatment program but he did not complete the program. David did not attend individual or couple's counseling

2

and he failed to pay his court-ordered child support. David's visitation with Paul and Hailey was suspended in February of 2018 after he refused to submit to multiple drug tests. David maintained sporadic contact with the Department throughout the course of the case. David did not provide proof of employment or maintain stable housing. The caseworker testified that David and Tricia were living in a small camper trailer at the time of trial. David failed to appear at the termination trial.

Paul and Hailey are placed with Laura, their maternal step-grandmother and an intervenor in the case. Laura has known David for nine years. Laura testified that David has had a substance abuse problem since he was thirteen years old. According to Laura, David has been in prison twice, including a year in the federal penitentiary for manufacturing and selling crystal methamphetamine. David recently told Laura that he and Tricia were both using crystal methamphetamine.

Before the Department filed its termination suit, Paul and Hailey frequently stayed overnight at Laura's and sometimes they stayed for the weekend. The children are bonded with Laura and they have asked to remain in her home. Paul has been diagnosed with autism, oppositional defiant disorder, and attention deficit hyperactivity disorder. He has had some behavioral issues at school. Laura has worked with the school to address their concerns about Paul. She also takes Paul to counseling once a week. Paul's grades and behavior have significantly improved since he has lived with Laura. Laura plans to adopt Paul and Hailey.

The trial court terminated David's parental rights to Paul and Hailey on the grounds of endangering conditions, endangering conduct, failure to support, failure to comply with

3

a court order that established actions necessary to retain custody of the children, and failure to complete a court-ordered substance abuse treatment program. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (F), (O), (P) (West Supp. 2017).[3] The court also found that clear and convincing evidence demonstrated that termination was in the best interest of Paul and Hailey. *See* § 161.001(b)(2). The court appointed Laura as the Permanent Managing Conservator of Paul and Hailey.

Analysis

Pursuant to *Anders*, David's court-appointed appellate counsel has filed a brief certifying that she has diligently searched the record and has concluded that the record reflects no arguably reversible error that would support an appeal. *In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief"); *In re L.J.*, No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2-3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.) (same).

Counsel certifies that she has diligently researched the law applicable to the facts and issues and discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). Counsel has complied with the requirements of *Anders* by providing a copy of the brief, motion to withdraw, and appellate record to David, and notifying him of his right to file a pro se response if he

---

[3] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ __."

4

desired to do so. *Id.*; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2-3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). David has not filed a response.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (citing *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002)). This standard falls between the civil preponderance of the evidence standard and the reasonable doubt standard of criminal proceedings. *Id.* at 73. Clear and convincing evidence is that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014). Reviewing the legal sufficiency of the evidence supporting parental termination requires us to review "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. In a factual sufficiency review, we are to determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.*, 89 S.W.3d 17, 28-29 (Tex. 2002); *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.).

By her *Anders* brief, counsel concludes that reversible error is not present because sufficient evidence supports termination under subsections (D), (E), (O), and (P). *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.) (only one predicate finding under section 161.001(b)(1) is

necessary to support termination when there is also a finding that termination is in a child's best interest).

As in a criminal case, we have independently examined the entire record to determine whether there is a non-frivolous issue that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable factfinder could have formed a firm belief or conviction that sufficient evidence existed to support at least one ground for termination, and that termination of David's parental rights was in Paul and Hailey's best interest. *See In re A.V.*, 113 S.W.3d at 362; *In re T.N.*, 180 S.W.3d at 384. After reviewing the record and the *Anders* brief, we agree with counsel that there are no plausible grounds for reversal.

Accordingly, the trial court's order terminating David's parental rights to Paul and Hailey is affirmed.[4]

Judy C. Parker
Justice

---

[4] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).